IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2019

## MIKE SETTLE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
No. C-18-151    Kyle Atkins, Judge
_____

### No. W2018-01527-CCA-R3-ECN
_____

The Petitioner, Mike Settle, appeals the trial court's dismissal of his petition for writ of error coram nobis in which he challenged his 2001 guilty plea for especially aggravated kidnapping. Because coram nobis relief is not available to challenge guilty pleas, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Mike Settle, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

As previously noted by this court, the Petitioner "is no stranger to the legal process." *Mike Settle v. David Osborne, Warden*, No. E2011-00766-CCA-R3-HC, 2012 WL 344937, at *1 (Tenn. Crim. App. Feb. 3, 2012). In January of 2001, the Petitioner pled guilty to felony escape, especially aggravated kidnapping, aggravated robbery, and two counts of aggravated assault. *Id.* The underlying facts of the convictions arose when the Petitioner became ill while incarcerated. *Id.* He was transported from prison to a hospital in Jackson, Tennessee, where he was admitted for further treatment. *Id.* Two days later, he overpowered an officer at the hospital, took the officer's weapon, and

pointed it at the officer's head. *Id.* The Petitioner escaped from the hospital with a hostage in a stolen car, was recaptured, and was returned to prison. *Id.* As a result of the plea agreement, the Petitioner received concurrent sentences of six years for felony escape, twenty-five years each for especially aggravated kidnapping and aggravated robbery, and fifteen years for each aggravated assault conviction. *Id.*

The Petitioner previously filed six petitions for writ of habeas corpus, all of which were dismissed. *See Mike Settle v. Brenda Jones, Warden*, No. W2014-01362-CCA-R3-HC, 2014 WL 7433010, at *1-2 (Tenn. Crim. App. Dec. 30, 2014). He also has filed a previous petition for writ of error coram nobis, which was denied. *See Mike Settle v. State*, No. W2015-01629-CCA-R3-ECN, 2016 WL 7687210, at *1-2 (Tenn. Crim. App. Feb. 5, 2016) (memorandum opinion).

On July 3, 2018, the Petitioner filed another petition for writ of error coram nobis in which he alleged newly discovered evidence in the form of the Crimes Management Systems Incident Report and the Tennessee Uniform Traffic Crash Report. He maintained that the information in the reports established that he did not force the kidnapping victim to drive away from the hospital. He argued that, as a result, he was actually innocent of especially aggravated kidnapping and that his guilty plea was not knowingly and voluntarily entered. He also alleged that the State suppressed the reports in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). On August 3, 2018, the trial court entered an order dismissing the petition. The trial court found that coram nobis relief was not available to challenge a guilty plea and that the one-year statute of limitations had expired. The Petitioner appealed the trial court's order.

## ANALYSIS

The Petitioner contends that the trial court erred in denying his petition for writ of error coram nobis in which he challenged the validity of his guilty plea to especially aggravated kidnapping based upon claims of newly discovered evidence and *Brady* violations. A writ of error coram nobis is an "*extraordinary* procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Tennessee Code Annotated section 40-26-105(b) provides that coram nobis relief is available in criminal cases as follows:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will

lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

The Tennessee Supreme Court recently has held that "a *coram nobis* proceeding is not the appropriate venue to determine whether [a petitioner's] constitutional rights under *Brady* were violated." *Nunley v. State*, 552 S.W.3d 800, 821 (Tenn. 2018). Furthermore, "the coram nobis statute is not available as a procedural mechanism for collaterally attacking a guilty plea." *Frazier v. State*, 495 S.W.3d 246, 253 (Tenn. 2016). Accordingly, the trial court properly dismissed the Petitioner's coram nobis petition in which the Petitioner sought to collaterally attack his guilty plea.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE